EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dennisse Díaz Mercado, Mileyka Collazo, Francisco J. Rivera y Pedro J. Rivera<br><br>Peticionarios<br><br>v.<br><br>Oficina de Gerencia y Permisos e Innovattel Properties, LLC, Proyecto de Facilidades de Telecomunicaciones-La Plata Aibonito Site<br><br>Recurridos | Certiorari<br><br>2024 TSPR 111<br><br>214 DPR ___ |

Número del Caso: CC-2024-0633

Fecha: 21 de octubre de 2024

Tribunal de Apelaciones:

Panel X

Representante legal de la parte peticionaria:

Lcdo. Jesús M. Morales Irizarry

Representante legal de la parte recurrida:

Lcdo. Ricardo E. Carrillo Delgado

Materia: Resolución del Tribunal con Voto particular disidente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Dennisse Díaz Mercado, Mileyka Collazo, Francisco J. Rivera y Pedro J. Rivera<br><br>Peticionarios<br><br>v.<br><br>Oficina de Gerencia y Permisos e Innovattel Properties, LLC, Proyecto Facilidades de Telecomunicaciones-La Plata Aibonito Site<br><br>Recurridos | CC-2024-0633 | |

RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Examinada la *Solicitud de expedición de auto de certiorari* y la *Urgente solicitud de auxilio de jurisdicción* presentadas por la parte peticionaria, se provee No Ha Lugar a ambas.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez proveerían ha lugar a la *Urgente solicitud de auxilio de jurisdicción* y expedirían la petición de *certiorari* que presentó la parte peticionaria. El Juez Asociado señor Estrella Martínez emite un Voto particular disidente al cual se unen la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Dennisse Díaz Mercado y otros<br><br>Peticionarios<br><br>v.<br><br>Oficina de Gerencia de Permisos y otros<br><br>Recurridas | CC-2024-0633 | Certiorari |

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ, al cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado SEÑOR COLÓN PÉREZ

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Un proceso de ley tardío no es un debido proceso de ley. Ante esa innegable realidad, este recurso nos brindaba la oportunidad de reconocer el Derecho aplicable en una controversia recurrente relacionada con la concesión de permisos para la instalación de torres que albergan antenas en áreas urbanas o cercanas a zonas residenciales. En este contexto, era esencial que desempeñáramos esta función con el fin de asegurar la integración de todas las garantías constitucionales y reglamentarias que forman parte de nuestro ordenamiento jurídico. Toda vez que una mayoría de este Tribunal optó por declinar el ejercer nuestro juicio adjudicativo en esta controversia, disiento. A continuación, expreso las razones que guían mi postura. Veamos.

El 15 de octubre de 2024, las señoras Dennisse Díaz Mercado y Mileyka Collazo, junto con los señores Francisco J. Rivera y Pedro J. Rivera (en conjunto, peticionarios) comparecieron ante nosotros mediante una <u>Urgente solicitud de auxilio de jurisdicción</u> y una petición de *Certiorari*. En primer lugar, solicitaron que se ordenara la suspensión de la construcción de una torre de telecomunicaciones cercana a sus residencias en el sector La Plata del Municipio de Aibonito. Además, solicitaron la revisión de una <u>Sentencia</u> emitida por el Tribunal de Apelaciones, la cual confirmó la decisión de la Oficina de Gerencia de Permisos (OGPe) de autorizar el Permiso de Construcción Núm. 2022-418628-PCOC-040073.

Como parte de sus argumentos, los peticionarios señalaron que el 18 de enero de 2022, la empresa Innovattel Properties, LLC. (Innovattel), presentó una solicitud de permiso de construcción para un proyecto a desarrollarse en el Barrio La Plata, en Aibonito. Por consiguiente, se llevó a cabo una <u>Evaluación Ambiental</u>, la cual fue remitida a la División de Evaluación de Cumplimiento Ambiental (DECA) de la OGPe. Posteriormente, el 22 de octubre de 2022, la DECA emitió una <u>Determinación de Cumplimiento Ambiental</u>, en la que indicó que la <u>Evaluación Ambiental</u> presentada por la agencia cumplía con todos los requisitos establecidos en ley y que los impactos ambientales del proyecto habían sido

debidamente evaluados y analizados. Por ello, dio por finalizado el proceso de evaluación ambiental.

El 18 de octubre de 2023, un año después, se notificó a los colindantes de la ubicación donde se instalaría la torre sobre la solicitud de permiso. En respuesta, los peticionarios presentaron solicitudes de intervención para expresar sus objeciones al proyecto, al igual que el Municipio de Aibonito. Sin embargo, el 3 de abril de 2024, la OGPe concedió el Permiso de Construcción presentado por Innovattel.

Así las cosas, el 30 de mayo de 2024, los peticionarios interpusieron un recurso de revisión administrativa ante la División de Revisiones Administrativas de la OGPe (DRA-OGPe), en el que cuestionaron la determinación por diversas razones, entre ellas: (1) la violación al debido proceso de ley en la notificación de la solicitud de permiso; (2) el riesgo de sufrir daños como resultado de las acciones permitidas en el permiso otorgado; y (3) la existencia de una prohibición reglamentaria para la otorgación del permiso, según la Ley Núm. 161-2009, Ley para la Reforma del Proceso de Permisos de Puerto Rico, 23 LPRA sec. 9011 et seq. En relación con este recurso, sostuvieron que se encontraban en negociaciones avanzadas para contratar al geomorfólogo, Dr. José Molinelli Freytes, con el fin de realizar un estudio e informe pericial del terreno circundante.

A pesar de lo anterior, el 14 de junio de 2024, la DRA-OGPe decidió no atender el recurso administrativo. Por ello, los peticionarios acudieron al Tribunal de Apelaciones mediante una solicitud de auxilio de paralización de obra y una petición de certiorari. Sin embargo, el 26 de julio de 2024, el foro apelativo intermedio denegó ambas solicitudes. En consecuencia, concluyó que, tras revisar las leyes y reglamentos aplicables, no existe un requisito de notificar a los colindantes durante la etapa de evaluación ambiental. Asimismo, determinó que el área donde se construirá la torre de telecomunicaciones no posee alguna restricción que lo clasifique como un terreno susceptible a deslizamientos.

Ante este panorama, los peticionarios acudieron a este Tribunal y nos enfatizaron la inestabilidad geológica y el riesgo de desastres naturales del terreno donde se autorizó la construcción de la torre de telecomunicaciones, así como la falta de estudios geológicos adecuados por parte de Innovattel. Específicamente, destacaron que parte de la estructura de la instalación de telecomunicaciones fue aprobada en terrenos clasificados como susceptibles a deslizamientos y de alto riesgo a temblores de tierra, según la base de datos de la Junta de Planificación y el Servicio Geológico de los Estados Unidos. Asimismo, indicaron que dicho terreno es altamente inestable, según el propio estudio geotécnico del proyecto presentado por Innovattel. Respecto a esto último, expusieron que dicho estudio menciona que

existe una falla geológica sobre trecientos (300) metros al suroeste del lugar propuesto para la torre, por lo que se recomienda realizar una consulta con un geólogo profesional. Sin embargo, indicaron que Innovattel no llevó a cabo dicha consulta.

Así las cosas, una mayoría de este Tribunal decidió proveer **no ha lugar** a las solicitudes presentadas por los peticionarios. A mi juicio, existe una controversia de derecho que ameritaba ser evaluada y adjudicada. Abona a mi disenso que, de conformidad con el Art. 8 de la Ley Núm. 89-2000, <u>Ley sobre la Construcción, Instalación y Ubicación de Torres de Telecomunicaciones de Puerto Rico</u>, 27 LPRA sec. 326:

> "[s]e le requiere a los proponentes de un proyecto para la ubicación o construcción de una torre de transmisión que, **previo a la concesión de una autorización o permiso para la construcción de dicha torre por la agencia o ente gubernamental correspondiente, notifiquen a los colindantes de cualquier permiso u autorización solicitado ante dichas entidades gubernamentales** para la ubicación o construcción de torres en las cuales se instalarán estaciones de transmisión de frecuencia radial "antenas" de carácter comercial y que se le requiera a los proponentes notificar a los colindantes en un radio de cien (100) metros en cualquier dirección tomando como centro la ubicación propuesta de la torre […]. (Negrillas suplidas).

Según los peticionarios, ellos viven dentro de ese radio de cien (100) metros que establece la Ley Núm. 89-2000, supra. Por lo tanto, parece haber una deficiencia en la notificación a los residentes, lo cual podría constituir una

violación al debido proceso de ley, además de un riesgo real para los colindantes y su entorno.

Recordemos que el debido proceso de ley exige a los componentes del Estado garantizar que, al interferir con los intereses propietarios de una persona, se cumpla con un procedimiento justo y equitativo. Román Ortiz v OGPe, 203 DPR 947, 953 (2020). Como corolario de este derecho constitucional, "hemos reiterado que los procedimientos adjudicativos deben observar las siguientes garantías mínimas: (1) **notificación adecuada del proceso**; (2) proceso ante un juez imparcial; (3) **oportunidad de ser oído**; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) asistencia de abogado, y (6) decisión basada en el récord." Íd., pág. 954. (Negrillas suplidas). Además, el procedimiento adjudicativo administrativo debe de ser justo en todas sus etapas y tiene que ceñirse a las garantías mínimas del debido proceso de ley, conforme al interés involucrado y a la naturaleza del procedimiento que se trate. Íd.

Por otro lado, conviene mencionar que, en San Sebastián, et al. v. QMC Telecom, 190 DPR 652, 666 (2014), reconocimos que, según la Ley Núm. 89-2000, supra:

> "'[l]a proliferación de torres que albergan antenas en zonas urbanas o en las cercanías de residencias crea desasosiego y temor por la seguridad y vida de dichos titulares y requiere de legislación que armonice los intereses comerciales con el de los ciudadanos de modo que se logre una convivencia sana y una mejor calidad de vida.' … **Así pues, la Ley Núm. 89-2000, supra, establece una serie de**

**requisitos previo al otorgamiento de permisos de construcción de facilidades de telecomunicaciones.** En síntesis, hay exigencias de notificación a vecinos o colindantes, normas en torno a la co-ubicación de las antenas y, de especial importancia para el caso de autos, requisitos de distancia entre las torres y residencias aledañas". (Negrillas suplidas).

En virtud de lo anterior, existe la necesidad de que este Tribunal vele por el cumplimiento de todos los requisitos aplicables. Para lograrlo, era necesario realizar un análisis coherente del derecho al debido proceso de ley, tomando en cuenta las diferentes leyes que podrían aplicar en ese caso, como: (1) la Ley Núm. 89-2000, supra, (2) la Ley Núm. 416-2004, conocida como Ley Sobre Política Pública Ambiental, 12 LPRA sec. 8001 et seq. y (3) la Ley Núm. 161-2009, supra, así como sus respectivos reglamentos.

Además, como sabemos, la revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro de los márgenes de las facultades que le fueron delegadas por ley. Comisión Ciudadanos v. G.P. Real Prop., 173 DPR 998, 1015 (2008). A su vez, posibilita el poder constatar que los organismos administrativos "cumplan con los mandatos constitucionales que rigen el ejercicio de su función, especialmente con los requisitos del debido proceso de ley". Íd. De esta forma, se vela por que los ciudadanos tengan "un foro al cual recurrir para vindicar sus derechos y obtener un remedio frente a las actuaciones arbitrarias de las agencias". Íd. **Hoy no permitimos que esas aspiraciones se cumplieran.**

Por estas razones, respetuosamente disiento del curso de acción adoptado por una mayoría para disponer del caso. En lugar de ello, hubiera declarado ha lugar la solicitud de auxilio de jurisdicción y, por consiguiente, ordenado la suspensión de la obra de construcción hasta que este Tribunal dispusiera otra cosa. Además, hubiera expedido el recurso de *certiorari*.

Reitero, por no ser este el rumbo tomado por este Tribunal, me veo obligado a diferir de tal derrotero.


Luis F. Estrella Martínez
Juez Asociado